UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JEFFERSON LEITOE,

                           Plaintiff,

             -against-

CITY OF NEW YORK; Detective MICHAEL ZAK, Shield No. 5972; Detective ROBERT WOODHOUSE, Shield No. 4975; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                         Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

14 CV 5865

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Jefferson Leitoe ("plaintiff" or "Mr. Leitoe") is a resident of Richmond County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Detective Michael Zak, Shield No. 5972 ("Zak"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Zak is sued in his individual and official capacities.

10. Defendant Detective Robert Woodhouse, Shield No. 4975 ("Woodhouse"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Woodhouse is sued in his individual and official capacities.

11.

12. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

13. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

14. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

15. At approximately 4:00 p.m. on February 1, 2014, Mr. Leitoe was lawfully in front of his home, with his younger brother, at 15 Van Buren Street in Staten Island, New York.

16. Plain clothed officers approached Mr. Leitoe and his brother.

17. One of the defendant officers grabbed plaintiff's younger brother and began to search him.

18. From a lawful distance, Mr. Leitoe calmly asked the defendant officer for his name and shield number, to which the defendant officer responded, in sum, "shut the fuck up."

19. The plain clothed officer then directed additional defendant officers whom had arrived to arrest plaintiff; hearing this, Mr. Leitoe complied and put his hands in the air.

20. Defendants approached Mr. Leitoe, punched him squarely in his face, threw him to the ground and handcuffed him.

21. As Mr. Leitoe lay on the ground handcuffed, defendants punched and kicked him.

22. Without probable cause or arguable probable cause to believe he had committed any crime or offense, Mr. Leitoe was arrested and taken to the 120th precinct.

23. At the precinct, defendants told plaintiff that before he would be transferred to Central Booking, he first had to clean the filthy, urine soaked holding cell.

24. Defendants falsely informed employees of the Richmond County District Attorney's Office that they had observed plaintiff commit a crime or offense, including resisting arrest and prepared false paperwork including an arrest report.

25. At no point did the officers observe Mr. Leitoe commit a crime or offense.

26. Mr. Leitoe was eventually taken to Richmond County Criminal Court where he was released on his own recognizance after approximately nineteen hours in

custody.

27. After several criminal court appearances, Mr. Leitoe accepted an adjournment in contemplation of dismissal with immediate sealing.

28. After his release, Mr. Leitoe experienced significant pain and tenderness to the right side of his face, neck and back.

29. Mr. Leitoe was taken to Richmond University Medical Center by ambulance on February 2, 2014 and treated for his injuries.

30. To date, plaintiff continues to feel pain including to his low back.

31. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

32. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

33. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

34. Mr. Leitoe suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

40. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

43. Plaintiff was conscious of his confinement.

44. Plaintiff did not consent to his confinement.

45. Plaintiff's confinement was not otherwise privileged.

46. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

47. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

50. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

53. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

54. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Denial Of Constitutional Right To Fair Trial

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. The individual defendants created false evidence against plaintiff.

57. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

58. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

59. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Negligent Hiring, Training and Retention

60. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

62. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

63. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

64. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

65. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Intentional Infliction of Emotional Distress

66. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

68. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

69. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

70. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Negligent Infliction of Emotional Distress

71. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

72. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

73. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

74. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

75. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Failure To Intervene

76. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

77. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

78. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

79. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:   October 7, 2014
         New York, New York

                                        HARVIS WRIGHT & FETT LLP

                                        _____
                                        Gabriel Harvis
                                        305 Broadway, 14th Floor
                                        New York, New York 10007
                                        (212) 323-6880
                                        gharvis@hwandf.com

                                        *Attorneys for plaintiff*